2010 BNH 020
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 09-14523-MWV |
| | Chapter 7 |
| Glen P. Westbrook and | |
| Laurie A. Westbrook, | |
|       Debtors | |
| | |
| Faith C. Westbrook, | |
| Gale A. Cote (DPOA), and | |
| Kim F. Rose (DPOA), | |
|       Plaintiffs | |
| | |
| v. | Adv. No. 10-1019-MWV |
| | |
| Glen P. Westbrook and | |
| Laurie A. Westbrook, | |
|       Defendants | |

*Brad C. Davis, Esq.*
SEUFERT P.A.
*Attorney for the Plaintiffs*

*Mark P. Cornell, Esq.*
CORNELL AND OVITT PUC, PLLC
*Attorney for the Defendants*

## MEMORANDUM OPINION

The Court has before it Glen P. Westbrook's and Laurie A. Westbrook's (the "Defendants") motion to dismiss (Ct. Doc. No. 7) the complaint filed by Faith C. Westbrook (the "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Plaintiff's objection thereto. In the complaint, the Plaintiff seeks to except her unsecured claim in the amount of $84,552 from discharge under 11 U.S.C. §§ 523(a)(2) and 523(a)(4).[1] On May 11, 2010, the Court held a hearing on the motion and took the matter under advisement.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

BACKGROUND

Gale A. Cote and Kim F. Rose, who are also listed as plaintiffs in this case, are the Attorneys-in-Fact for the Plaintiff. Defendant Glen P. Westbrook is the son of the Plaintiff. The Plaintiff's claim arises out of the construction of an in-law apartment in the home of the Defendants to be used as a residence for the Plaintiff and her now-deceased husband. The complaint alleges the following facts. In the spring of 2000, the Defendants promised to construct an in-law apartment for the Plaintiff in exchange for $25,000 (the "$25,000 promise"). No written agreement was prepared at that time. As a result of the Defendants' promise, the Plaintiff and her husband sold their home in November 2000. In December 2000, the Defendants asked the Plaintiff for money to begin construction, but demanded $50,000 instead of the agreed upon amount of $25,000. By the time the Plaintiff and her husband moved into the in-law apartment in December 2001, they had given the Defendants $84,552. The Defendants also compelled the Plaintiff and her husband to pay a disproportionate amount for utility expenses and imposed "onerous" restrictions on the Plaintiff and her husband. The Plaintiff's husband passed away on May 27, 2007. Though the Plaintiff moved into the in-law apartment in December 2001, it was not until June 2008 that the Plaintiff entered into a lease agreement with the Defendants. At some point thereafter, but before bringing the current action, the Plaintiff moved out of the in-law apartment.

On July 15, 2009, the Plaintiff brought an action in the Merrimack County Superior Court against the Defendants in connection with the $25,000 promise (the "state court action"). The Defendants filed their Chapter 7 petition with this Court on November 18, 2009. On February 15, 2010, the Plaintiff

initiated this adversary proceeding against the Defendants claiming the Defendants committed fraud and seeking to except her claim of $84,552 from discharge pursuant to 11 U.S.C. § 523(a). The Defendants filed their motion to dismiss the complaint on March 16, 2010, requesting that the Court dismiss the complaintsince the Plaintiff's claims are time-barred under the applicable statute of limitations.

## DISCUSSION

The Plaintiff asserts two counts in the complaint. Count I seeks an exception from discharge for actual fraud pursuant to § 523(a)(2)(A). Count II seeks an exception from discharge for fraud while acting in a fiduciary capacity pursuant to § 523(a)(4). The Defendants move to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6), because the Plaintiff's claims are time-barred.

### I.     Standard of Review

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief. Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. at 1950. The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the claims." Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer

v. Rhodes, 416 U.S. 232, 236 (1974)).  "A court can grant a motion to dismiss on limitations grounds only 'when the pleader's allegations leave no doubt that an asserted claim is time-barred.'"  Archdiocese of San Salvador v. FM Intern., Inc., 2006 WL 437493 1, 3 (D.N.H. 2006) (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

Both counts of the Plaintiff's non-dischargeability action are grounded in her claim of fraud.  In order to succeed on her action for exception from discharge, the Plaintiff must "establish both that [s]he ha[s] a valid claim against [the Defendants] *and* that the claim should not be discharged."  (emphasis in the original).  Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).  If the Court finds that the Plaintiff cannot establish a claim for fraud, then the issue of whether the claim is dischargeable is moot.

### II.      Whether the Plaintiff's Claim is Time-Barred

The Defendants argue that the Plaintiff's cause of action accrued in December 2000 or, at the latest, December 2001.  Since the Plaintiff did not bring a claim on her cause of action until 2009, the Defendants move to dismiss the complaint as time-barred.  Although the Plaintiff admits that the alleged fraudulent activities began in 2000, she argues that she was not aware of the alleged fraud until sometime in 2008.

A claim for fraud is a personal action.  In New Hampshire, "[e]xcept as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of . . . ."  N.H. Rev. Stat. Ann. § 508:4, I.  Section 508:4 incorporates the discovery rule.  Under the discovery rule, "when the injury and its casual relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission," a claim accrues within three years of the time when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the injury and its casual relationship to the act or omission complained of."  Archdiocese of San Salvador v. FM Intern., Inc., 2006 WL 437493 1, 3 (D.N.H. 2006).  "Once the defendant establishes that the cause of action was not brought within three

years of the alleged act, the burden shifts to the plaintiff to raise and prove the applicability of the discovery rule . . . ." Perez v. Pike Indus., 889 A.2d 27, 29 (N.H. 2005).

In her complaint, the Plaintiff alleges that the Defendants committed fraud by making certain misrepresentations in connection with the $25,000 promise that the Defendants knew to be false. Specifically, the Plaintiff avers that in exchange for $25,000, the Defendants promised to provide the Plaintiff and her husband with an in-law apartment, but "switch[ed] out the promised arrangements." (¶ 30 of the complaint). The complaint explicitly states that the misrepresentations occurred in the spring of 2000. Moreover, the Plaintiff's complaint provides that she and her husband moved into the in-law apartment in December 2001 and, by that time, they had given the Defendants $84,552. Both the state court action and this current adversary proceeding were filed more than three years after the Defendants allegedly made the $25,000 promise, and more than three years after the Plaintiff and her husband allegedly gave the Defendants $84,552. Though the Plaintiff claims she did not become aware of the alleged fraud until sometime in 2008, the complaint provides otherwise.

The complaint alleges that the Defendants asked for $50,000 on December 7, 2000, instead of the original agreement of $25,000, and that the Plaintiff felt she "had little choice but to pay the additional sums requested." Id. at ¶ 14. Based on the allegations in the complaint, the Court finds that it is plausible that the Plaintiff did not discover or could not reasonably have discovered that the alleged fraud occurred at the time of the "$25,000 promise." However, drawing all reasonable inferences in the Plaintiff's favor, the Court finds that the Plaintiff knew or should have known that the alleged fraud occurred either in December 2000 when the Defendants raised the monetary request to $50,000, or in December 2001 when the Plaintiff and her husband had paid the Defendants $84,552; "far in excess of the $25,000 agreed to by [the Defendants]." Id. at 16. Because the Plaintiff brought her claim more than three years after either aforementioned event, the Plaintiff's action for fraud is time-barred. As a result, the Plaintiff's derivative claims for non-dischargeability must be dismissed.

## CONCLUSION

For the reasons set out herein, the Defendants' motion to dismiss is granted, and the Plaintiff's complaint is dismissed. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 19th day of May, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge